easement for purposes of repair and maintenance heretofore acquired under the statutory authority existing at the time of the organization of the district, and now found in Ill. Rev. Stat. 1969, ch. 42, par. 4—17.

The statute provides that:

> "The petition shall contain the following  *  *  *: (a) a general description of any work or changes proposed to be undertaken  *  *  *."  (Ill. Rev. Stat. 1969, ch. 42, par. 4—19.)

Similarly, in par. 4—24, the statute provides that the order of the court found:

> "(b) the method by which the things shall be done,  *  *  *."

The effect of the remanding order is to require the trial court to hold hearings and make findings described in detail for the removal of debris from the stream and the clearing of the right-of-way upon each parcel of land on both sides of the 13-mile channel of the drainage facility. It is clear that the statute does not contemplate or provide for such an order as is here entered.

JAMES FABER, Plaintiff-Appellant, *v.* GENERAL TELEPHONE COMPANY OF ILLINOIS, Defendant-Appellee.

(No. 73-183;

Third District—May 10, 1974.

*Rehearing denied May 29, 1974.*

136

Opinion by Mr. JUSTICE ALLOY.

Peter F. Ferracuti, of Ottawa (Bradley Schwager, of counsel), for appellant.

Daniel K. Russell, of Johnson, Martin & Russell, of Princeton, for appellee.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT LEE WILLIAMS, Defendant-Appellant.

(No. 72-340;

Second District—May 3, 1974.

Anthony Peccarelli, of Wheaton, and Barclay, Damisch & Sinson, of Chicago, for appellant.